**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOZAY A. ROYAL, | Civil Action No. |
| Plaintiff, | 11-7149 (CCC) |
| v. | |
| EDWARD V. ROCHFORD et al., | |
| Defendants. | |
| HOZAY A. ROYAL, | |
| Plaintiff, | Civil Action No. |
| v. | 11-5248 (CCC) |
| MORRIS COUNTY CORRECTIONAL FACILITY, | **O R D E R** |
| Defendant. | **APPLIES TO BOTH ACTIONS** |

For the reasons expressed in the Opinion filed herewith,

IT IS on this ___27___ day of __January__, 2012,

ORDERED that the Clerk shall docket this Order and Opinion filed herewith in Royal v. Morris County Correctional Facility, Civil Action No. 11-5248 (CCC) (D.N.J.); and it is further

ORDERED that the Clerk shall terminate Royal v. Morris County Correctional Facility, Civil Action No. 11-5248 (CCC) (D.N.J.), as duplicative of Royal v. Rochford, Civil Action No. 11-7149 (CCC) (D.N.J.), without filing the complaint in Royal v. Morris County

1

Correctional Facility, Civil Action No. 11-5248 (CCC) (D.N.J.), and without assessing a filing fee in connection with Royal v. Morris County Correctional Facility, Civil Action No. 11-5248 (CCC) (D.N.J.); and it is further

ORDERED that the Clerk shall make a new and separate docket entry in Royal v. Morris County Correctional Facility, Civil Action No. 11-5248 (CCC) (D.N.J.), reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that the Clerk shall docket this Order and Opinion filed herewith in Royal v. Rochford, Civil Action No. 11-7149 (CCC) (D.N.J.); and it is further

ORDERED that, in light of this Court's grant of in forma pauperis status to Plaintiff for the purposes of Royal v. Rochford, Civil Action No. 11-7149 (CCC) (D.N.J.), see Royal v. Rochford, Civil Action No. 11-7149 (CCC) (D.N.J.), Docket Entry No. 6, the Clerk shall file Plaintiff's re-amended complaint, Royal v. Rochford Civil Action No. 11-7149 (CCC) (D.N.J.), Docket Entry No. 3; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk of the Court shall forward, by regular mail, copies of this Order and Opinion filed herewith to the Attorney General for the State of New Jersey and the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00

2

which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee and, when funds exist, the agency having custody of Plaintiff shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk of the Court; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of the plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of Royal v. Rochford, Civil Action No. 11-7149 (CCC) (D.N.J.); and it is further

ORDERED that Plaintiff's re-amended complaint in Royal v. Rochford, Civil Action No. 11-7149 (CCC) (D.N.J.), Docket Entry No. 3, is dismissed; and it is further

ORDERED that Plaintiff's allegations asserting undue denial of phone calls are dismissed with prejudice for failure to state a claim upon which relief can be granted; and it is further

ORDERED that Plaintiff's allegations asserting undue denial of

access to the courts with regard to Plaintiff's actions in <u>Royal v. Rutherford Police Dept. et al.</u>, Civil Action No. 11-4862 (CCC) (D.N.J.); <u>Royal v. Commonwealth</u>, Civil Action 10-7219 (ER) (E.D. Pa.); and <u>Royal v. Durison</u>, 319 F. Supp. 2d 534 (E.D. Pa. 2004), <u>aff'd</u> 254 Fed. App'x 163 (3d Cir. 2007), <u>cert. denied</u> 553 U.S. 1065 (2008), are dismissed with prejudice for failure to state a claim upon which relief can be granted; and it is further

ORDERED that Plaintiff's claims asserting undue denial of access to the courts with regard to Plaintiff's unspecified proceedings allegedly pending before the Superior Court of New Jersey, Law and Appellate Divisions, are dismissed without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate <u>Royal v. Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.), by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if <u>Royal v. Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.), is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original complaint filed in <u>Royal v. Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.), Docket Entry No. 1, was timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188,

191 (3d Cir. 1996); <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have <u>Royal v. Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.), reopened if, within 60 days of the date of the entry of this Order, Plaintiff files his third amended complaint in <u>Royal v. Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.). Such third amended complaint shall identify each action with the Superior Court of New Jersey, with regard to which Plaintiff maintains that he was denied access to the courts. With regard to *each* such action, Plaintiff shall: (a) allege facts showing that he suffered an "actual injury" because he lost an opportunity to pursue a non-frivolous claim as a result of the limited law library hours allegedly enforced by his facility of confinement; (b) detail both the factual predicate and the legal proposition supporting each such lost non-frivolous claim; and (c) show that Plaintiff has no other remedy in state or federal courts, short of <u>Royal v. Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.), that can compensate Plaintiff for the loss of these non-frivolous claims; and it is further

ORDERED that the Clerk shall docket this Order and Opinion filed herewith in <u>Royal v. Rutherford Police Dept. et al.</u>, Civil Action No. 11-4862 (CCC) (D.N.J.), accompanying such docket entry with the docket text reading "DOCKETED FOR INFORMATIONAL PURPOSES ONLY"; and it is further

5

ORDERED that the Clerk shall serve this Order and Opinion filed herewith upon Plaintiff by certified mail, return receipt requested; and it is finally

ORDERED that the Clerk shall include in the said mailing a blank civil complaint form.

_____
Claire C. Cecchi,
**United States District Judge**