UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOZAY A. ROYAL, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 11-4862 (CCC) |
| | : | |
| v. | : | |
| | : | |
| RUTHERFORD POLICE et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| HOZAY A. ROYAL, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 11-5248 (CCC) |
| | : | |
| v. | : | |
| | : | |
| MCCF, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| HOZAY A. ROYAL, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 11-7149 (CCC) |
| | : | |
| v. | : | |
| | : | |
| EDWARD V. ROCHFORD et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| HOZAY A. ROYAL, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 12-1640 (CCC) |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ANNECCHIARICO, | : | MEMORANDUM OPINION & ORDER |
| | : | APPLIES TO ALL ACTIONS |
| Defendant. | : | |

These four matters come before the Court upon: (a) the
Clerk's receipt of Plaintiff's civil complaint submitted in Royal
v. Annecchiarico, Civil Action No. 12-1640 (CCC)(hereinafter,
"Annecchiarico"); (b) Plaintiff's filing of a "Motion for
Miscellaneous Relief" in Royal v. Rutherford Police Dept., Civil
Action No. 11-4862 (CCC) (hereinafter, "Rutherford") (Docket
Entry No. 12); and (c) the filing of Plaintiff's third and fourth
amended complaints, as well as a "Motion to Alter or Amend
Judgment" in Royal v. Rochford, Civil Action No. 11-7149 (CCC)
(hereinafter, "Rochford") (Docket Entry Nos. 113, 14 & 15); and
it appearing that:

1.   Plaintiff's history of federal criminal prosecutions, as
     well as the multitude of civil actions he instituted in
     connection with his convictions and incarcerations, were
     briefly discussed in this Court's prior Opinion ("January
     Opinion") issued on January 27, 2012 (docketed, jointly with
     this Court's accompanying order, in Rutherford, Royal v.
     MCCF, Civil Action No. 11-5248 (CCC) (hereinafter, "MCCF"),
     and Rochford).  See January Opinion at 2-3; accord
     <<https://pcl.uscourts.gov/view?rid=3rLXUoF34joZ98epe
     SbE7YiuDNcIhPr3Y94wpxnX&page=1>> (providing public records
     of Plaintiff's two federal criminal prosecutions and thirty
     district-level and appellate-level actions instituted in
     this District, the United States District Court for the

Eastern District of Pennsylvania and the United States Court

of Appeals for the Third Circuit), and <<http://www.supreme

court.gov/Search.aspx?FileName=/docketfiles/11a153.htm>>,

<<http://www.supremecourt.gov/Search.aspx?FileName=/docket

files/07-1056.htm>> and <<http://www.supremecourt.gov/

Search.aspx?FileName=/docketfiles/11-7778.htm>> (reflecting

Plaintiff's filings with the United States Supreme Court).[1]

2.   In <u>Rutherford</u>, Plaintiff appears to allege claims under the

Fourth Amendment (on the basis of his assertion of illegal

search and seizure and false imprisonment), while in <u>MCCF</u>,

Plaintiff seems to allege First Amendment claims (on the

basis of undue denial of access to the courts).  <u>See</u> January

---

[1] Plaintiff's submissions made in <u>Royal v. MCCF</u>, Civil
Action No. 11-5248 (CCC), and <u>Royal v. Rochford</u>, Civil Action No.
11-7149 (CCC), indicated that, in addition to his numerous
federal actions, Plaintiff also had criminal prosecutions in
state courts and filed a flurry of actions in state fora.  <u>See</u>
<u>Commonwealth v. Royal</u>, 605 Pa. 712 (2009) (where the Supreme
Court of Pennsylvania denied Plaintiff's application as to his
criminal prosecution in Pennsylvania); <u>Royal v. Commonwealth</u>, 851
A.2d 263 (Pa. Ct. Com. Pl. 2004) (where Pennsylvania's Court of
Common Pleas denied Plaintiff's application as to his line of
civil actions in Pennsylvania); <u>Commonwealth v. Royal</u>, 536 Pa.
641 (1994) (where the Supreme Court of Pennsylvania denied
Plaintiff's application as to his other criminal prosecution in
Pennsylvania); <u>Royal v. Durison</u>, Civil Action No. 03-4441 (E.R.)
(E.D. Pa), Docket Entry No. 25, at 2-3 (reflecting on Plaintiff's
chain of convictions in Pennsylvania state courts); <u>Royal v.</u>
<u>Rochford</u>, Civil Action No. 11-7149 (CCC) (D.N.J.), Docket Entry
No. 15 (discussing Plaintiff's current prosecution in New
Jersey); <u>accord</u> January Opinion at 1, n. 1 (relying on <u>Royal v.</u>
<u>Commonwealth</u>, 851 A.2d 263, for information that Plaintiff also
operates under alias "Carlos Johnson" and, thus, might have had a
number of convictions under that alias and might have filed a
multitude of legal actions under that alias).

Opinion at 4-8.  Plaintiff's submission in <u>Rochford</u> further elaborates on the claims previously asserted by Plaintiff in <u>MCCF</u>.  <u>See</u> January Opinion at 8-11.

3.   In the January Opinion, this Court: (a) directed the Clerk to terminate <u>MCCF</u> as duplicative of <u>Rochford</u> without assessing a filing fee; and (b) dismissed Plaintiff's First Amendment challenges in part (as to his allegations in <u>Rochford</u> and <u>Rutherford Police</u> and those set forth in Plaintiff's other proceedings in federal courts).  The Court also granted Plaintiff narrowly-tailored leave to file an amended complaint in <u>Rochford</u>, to allow Plaintiff the opportunity to clarify his claims regarding an alleged denial of access to the courts in connection with his state proceedings.  In addition, the Court directed Plaintiff to file an amended complaint in <u>Rutherford</u>.[2]  Therefore, prior to the latest submission in <u>Annecchiarico</u>, the Court was presented with two lines of challenges raised by Plaintiff: (a) Fourth Amendment claims suggested by the allegations

─────────────────

[2] The Court's decision detailed the deficiencies of Plaintiff's claims and pointed out the factual incongruence of his assertions.  However, being mindful of the Supreme Court's guidance that "improbable allegations [should not be] dismiss[ed] as frivolous without any factual development [since, to do so, would be] to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, [s]tranger than fiction,'" <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992), the Court found it warranted to allow Plaintiff an opportunity to clarify his claims.

stated in <u>Rutherford</u>; and (b) and First Amendment claims suggested by the allegations stated in <u>MCCF</u>.  As noted <u>supra</u>, Plaintiff recently submitted a civil complaint in <u>Annecchiarico</u>.  That submission suggests Plaintiff's interest in asserting a third line of challenges, namely, a malicious prosecution claim.  See <u>Annecchiarico</u>, Docket Entry No. 1.

4.   Notably, all four above-captioned actions were commenced by Plaintiff through the submission of pleadings unaccompanied by a filing fee or by a complete <u>in forma pauperis</u> application. However, because Plaintiff later submitted <u>in forma pauperis</u> applications in both <u>Rutherford</u> and <u>Rochford</u>, this Court granted Plaintiff <u>in forma pauperis</u> status for the purposes of those two actions.  See <u>Rutherford</u>, Docket Entry Nos. 3 and 7; <u>Rochford</u>, Docket Entry Nos. 5 and 6.[3] Plaintiff's latest action, <u>Annecchiarico</u>, was commenced, again, without the submission of a filing fee or an <u>in forma pauperis</u> application, despite this Court's prior explanations as to the relevant statutory requirements.

5.   It appears that Plaintiff's <u>in forma pauperis</u> status was

---

[3] Because <u>MCCF</u> was terminated as duplicative of <u>Rochford</u>, without assessment of a filing fee, the issue of <u>in forma pauperis</u> did not need to be reached in that matter.

improvidently granted.[4]

6.     The Prison Litigation Reform Act of 1995 ("PLRA"), enacted

       on April 26, 1996, prohibits a prisoner from bringing a

       civil action in forma pauperis pursuant to 28 U.S.C. § 1915

       "if the prisoner has, on 3 or more prior occasions, while

       incarcerated or detained in any facility, brought an action

       or appeal in a court of the United States that was dismissed

       on the grounds that it is frivolous, malicious, or fail[ed]

       to state a claim upon which relief may be granted."  28

       U.S.C. § 1915(g).[5]  If a prisoner has had at least three

_____

[4] An inmate's in forma pauperis status may be revoked at any
time if the court, either sua sponte or on a motion, determines
that the status was improvidently granted.  See, e.g., Lewis v.
Burger King, 398 F. App'x 323 (10th Cir. 2010) (a court can
revoke a grant of in forma pauperis if it later appears that the
litigant had sufficient funds at the time (s)he filed the
complaint); see also Harris v. City of New York, 607 F.3d 18, 23
(2d Cir. 2010) ("the three strikes rule is not an affirmative
defense that must be raised in the pleadings [-] district courts
may apply the three strikes rule sua sponte") (citing Thompson v.
Drug Enforcement Admin., 492 F.3d 428, 435-36 (D.C. Cir. 2007),
and Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)); accord
Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to
proceed [in forma pauperis] is a privilege, not a right[,] courts
have the discretion to revoke that privilege when it no longer
serves its goals") (citation omitted).

[5] Even trial or appellate-level dismissals for frivolousness
that took place prior to the passage of the PLRA count as
"strikes" under 28 U.S.C. § 1915(g).  See Keener v. Pennsylvania
Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).
Moreover, district-level and appellate-level dismissals count as
two separate strikes within the meaning of the "three-strikes
rule."  See Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir.
1997) ("[A] complaint that is dismissed under § 1915A for failure
to state a claim[] followed by a frivolous appeal leads to two
'strikes' under § 1915(g)"); Adepegba v. Hammons, 103

"strikes," the prisoner may not bring another civil action in forma pauperis unless (s)he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Here, Plaintiff's pleadings in Rutherford, Rochford, and Annecchiarico clearly indicate that he is not in imminent danger of physical injury warranting a conditional grant of emergent in forma pauperis status.

7.  The Court's review of Plaintiff's multiple prior litigations in federal fora indicates that Plaintiff is barred by the "three-strikes rule" from obtaining in forma pauperis status.  That bar applies to Rutherford, Rochford, and Annecchiarico, because these proceedings were commenced long after Plaintiff accrued three "strikes."

8.  Specifically, the records of the United States District Court for the Eastern District of Pennsylvania indicate that, on June 1, 2004, Plaintiff – while incarcerated at SCI Mahanoy Pennsylvania – commenced a § 1983 action Royal v. Fahy, Civil Action No. 04-2368 (ER) (E.D. Pa.), which, following several amendments of his original pleading, was dismissed by Judge Eduardo C. Robreno upon Defendants' motion to dismiss.  See Royal v. Fahy, Civil Action No. 04-2368 (ER) (E.D. Pa.), Docket Entry Nos. 38 and 41

---

F.3d 383, 388 (5th Cir. 1996) (same).

(dismissing Plaintiff's claims on January 17, 2008).[6]  That dismissal produced one "strike" against Plaintiff.

9.   In addition, the records of the United States District Court for the Eastern District of Pennsylvania indicate that, on September 8, 2006, Plaintiff – while incarcerated again, this time at FCI Fort Dix, New Jersey – commenced a <u>Bivens</u> action in <u>Royal v. Doe</u>, Civil Action No. 06-4025 (ER) (E.D. Pa.)  Judge Robreno dismissed Plaintiff's <u>Bivens</u> complaint as facially frivolous, and denied Plaintiff's multiple motions seeking reconsideration.  <u>See</u> <u>Royal v. Doe</u>, Civil Action No. 06-4025 (ER) (E.D. Pa.), Docket Entry Nos. 4, 8, 9 and 10 (indicating that the dismissal took place on October 11, 2006).[6]  That dismissal produced another "strike" against Plaintiff.

10.  Moreover, the records of the United States District Court for the Eastern District of Pennsylvania indicate that, on July 31, 2003, Plaintiff, while incarcerated in the Federal Detention Center in Philadelphia (seemingly in connection with another line of criminal charges), commenced a different § 1983 action, <u>Royal v. Durison</u>, Civil Action No. 03-4441 (ER) (E.D. Pa.) (hereinafter, "<u>Durison</u>").  Judge Robreno dismissed that action upon Defendants' motion for

_____

[6] Plaintiff's time to appeal that determination has long expired, and Judge Robreno's decision is final.

summary judgment.  See Durison, Civil Action No. 03-4441, Docket Entry No. 25; accord id., Docket Entry No. 29 (denying Plaintiff's motions for reconsideration and to amend his dismissed pleading).  Plaintiff's notice of appeal as to Judge Robreno's decision in Durison was filed on January 4, 2005.  See id., Docket Entry No. 30.  By that date, Plaintiff: (a) had been released on the charges underlying the incarceration taking place at the time when he filed Durison; but (b) had already been re-incarcerated after committing another chain of crimes.[7]  The Court of Appeals dismissed Plaintiff's appellate challenges as meritless, and the dismissal became final long before Plaintiff commenced the above-captioned four actions.  See Durison, 254 F. App'x 163 (3d Cir. 2007), cert. denied, 553 U.S. 1065  (2008); accord Royal v. Durison, USCA Index No. 05-1036, Docket Entry dated December 12, 2007 (Court of Appeals' mandate issued finding that "Heck v. Humphrey, 512 U.S. 477 (1994), . . . barred Royal's claim as a threshold matter").  Therefore, that dismissal produced one more

---

[7] In connection therewith, Plaintiff was prosecuted in USA v. Royal, Criminal Action No. 04-0540 (LS) (E.D. Pa).  See USA v. Royal, Criminal Action No. 04-0540 (LS) (E.D. Pa), Docket Entry No. 1 (indicating that Plaintiff's arrest on this new line of charges took place on August 12, 2004); accord Royal v. Durison, Civil Action No. 03-4441 (ER) (E.D. Pa.), Docket Entry No. 27 (informing Judge Robreno that Plaintiff was re-incarcerated prior to his filing of his appeal).

Page -9-

"strike" against Plaintiff.

11. While this Court cannot rule out the possibility that Plaintiff's multitude of legal actions in this District, the Eastern District of Pennsylvania, the Court of Appeals and the Supreme Court produced many other "strikes," the three "strikes" detailed supra are sufficient to warrant revocation of Plaintiff's in forma pauperis status in Rutherford and Rochford. Those three strikes also bar Plaintiff from obtaining in forma pauperis status in Annecchiarico.[8] Therefore, Plaintiff's in forma pauperis status will be revoked for the purposes of Rutherford and Rochford, and will be denied in Annecchiarico. However, out of an abundance of caution, the Court will allow Plaintiff, in alternative to prepayment of the filing fee in each of these three actions, to show cause as to why in forma

---

[8] Nothing in the PLRA or the caselaw . . . suggests that courts have an affirmative obligation to examine actual orders of dismissal. See Thompson [v. Drug Enforcement Admin.,] 492 F.3d [428,] 435-36 [(D.C. Cir. 2007)], (accepting docket reports indicating that prior dismissals satisfied at least one of the § 1915(g) criteria for a strike); Andrews [v. King, 398 F.3d 1113,] 1120 [(9th Cir. 2005)] ("[D]istrict court docket records may be sufficient to show that a prior dismissal . . . counts as a strike"); cf. Leonard v. Lacy, 88 F.3d 181, 185 (2d Cir. 1996) ("A docket is a court's official record of what occurs in a case"). The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Andrews, 398 F.3d at 1120.

Page -10-

_pauperis_ status should be restored to him in _Rutherford_ and
_Rochford_, and granted to him in _Annecchiarico_.

12.  Finally, taking notice of Plaintiff's tendency to
     proliferate legal actions and to employ litigation practices
     that include filing, on a monthly basis, amended, re-amended
     and re-re-amended pleadings, accompanying the same with a
     flood of motions, the Court takes this opportunity to warn
     Plaintiff that recreational litigation is not rewarded by
     the courts.[9] On the contrary, such actions may expose
     Plaintiff to sanctions, if appropriate.  "The courts in this
     nation stand ready to address challenges brought by
     litigants in good faith.  Which, in turn, means that the
     judiciary — including the Judges in this District — expect
     litigants to treat their litigation with utmost seriousness,
     without abusing legal process and without unduly testing of
     the resolve or common sense of the judiciary."  _In re_
     _Telfair_, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).  The Court,
     therefore, urges Plaintiff to prepare his filings

---

[9] A "recreational litigant" is the "one who engages in
litigation as sport and files numerous [submissions] with little
regard for substantive law or court rules." _Jones v. Warden of_
_the Stateville Correctional Ctr._, 918 F. Supp. 1142, 1153 (N.D.
Ill. 1995) (noting that, "[w]hen confronted with [a] recreational
plaintiff, courts, to protect themselves and other litigants,
have enjoined the filing . . . without leave of court" and citing
_In re Winslow_, 17 F.3d 314 (10th Cir. 1994); _In re Burnley_, 988
F.2d 1 (4th Cir. 1992); and _Mayfield v. Collins_, 918 F.2d 560
(5th Cir. 1990)).

thoughtfully and concisely.

IT IS, therefore, on this _27_ day of _April_, 2012,

ORDERED that the Clerk shall reopen Royal v. Rutherford Police Dept., Civil Action No. 11-4862 (CCC), by making a new and separate entry on docket of that matter reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's in forma pauperis status in Rutherford is revoked, as improvidently granted; and it is further

ORDERED that Plaintiff's motion for miscellaneous relief filed in Rutherford, Docket Entry No. 12, is denied without prejudice to renewal, as premature.  No statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to the validity or invalidity of said motion; and it is further

ORDERED that the Clerk shall administratively terminate Rutherford by making a new and separate entry on the docket of that matter reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a dismissal on the merits, and Plaintiff may have Rutherford reopened in the event Plaintiff submits, within thirty days from the date of entry of this Memorandum Opinion and Order, the filing fee of $350.00 in connection with Rutherford, or, in the alternative, a written statement showing cause as to why in forma pauperis

status should be restored to Plaintiff; and it is further

ORDERED that the Clerk shall reopen Royal v. Rochford, Civil
Action No. 11-7149 (CCC), by making a new and separate entry on
the docket of that matter reading, "CIVIL CASE REOPENED"; and it
is further

ORDERED that Plaintiff's in forma pauperis status in
Rochford, is revoked, as improvidently granted; and it is further

ORDERED that Plaintiff's motion to alter or amend judgment
filed in Rochford, Docket Entry No. 14, is denied without
prejudice to renewal, as premature.  No statement made in this
Memorandum Opinion and Order shall be construed as expressing
this Court's position as to the validity or invalidity of said
motion; and it is further

ORDERED that Plaintiff's third and forth amended complaints
filed in Rochford, Docket Entries Nos. 13 and 15, are deemed
stricken from the docket, without prejudice to re-filing.  No
statement made in this Memorandum Opinion and Order shall be
construed as expressing this Court's position as to the validity
or invalidity of said pleadings; and it is further

ORDERED that the Clerk shall administratively terminate
Rochford by making a new and separate entry on docket of that
matter reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a dismissal
on the merits, and Plaintiff may have Rochford reopened in the

event Plaintiff submits, within thirty days from the date of
entry of this Memorandum Opinion and Order, a filing fee of
$350.00 in connection with <u>Rochford</u>, or, in the alternative, a
written statement showing cause as to why <u>in forma pauperis</u>
status should be restored to Plaintiff;[10] and it is further

ORDERED that <u>in forma pauperis</u> status is denied to Plaintiff
for purposes of <u>Royal v. Annecchiarico</u>, Civil Action No. 12-1640
(CCC); and it is further

ORDERED that the Clerk shall administratively terminate
<u>Annecchiarico</u> by making a new and separate entry on docket of
that matter reading, "CIVIL CASE TERMINATED," without filing
Plaintiff's complaint and without assessing a filing fee against
Plaintiff.  No statement made in this Memorandum Opinion and
Order shall be construed as expressing this Court's position as
to the validity or invalidity of Plaintiff's complaint in
<u>Annecchiarico</u>; and it is further

ORDERED that administrative termination is not a dismissal
on the merits, and Plaintiff may have <u>Annecchiarico</u>, reopened in
the event Plaintiff submits, within thirty days from the date of
entry of this Memorandum Opinion and Order, a filing fee of
$350.00 in connection with <u>Annecchiarico</u>, or, in the alternative,

---

[10]   The filing fee in <u>Rochford</u> is a filing fee distinct and
different from that due from Plaintiff in connection with
<u>Rutherford</u>.  In other words, the total filing fee due in
connection with these two actions would be $700.00.

a written statement showing cause as to why in forma pauperis

status should be granted to Plaintiff;[11] and it is further

ORDERED that Royal v. MCCF, Civil Action No. 11-5248 (CCC),

shall remain administratively terminated; and it is further

ORDERED that the Clerk shall refund to Plaintiff the monies,

if any, that have been received by the Clerk as of the date of

entry of this Memorandum Opinion and Order in connection with

Rochford and/or Rutherford; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion

and Order upon the Office of Attorney General for the State of

New Jersey and, in addition, upon the warden of Plaintiff's

current place of confinement.  Each such service shall be

executed by certified mail, return receipt requested and

accompanied by a notation reading, "PLAINTIFF'S IN FORMA PAUPERIS

STATUS HAS BEEN REVOKED; COLLECTIONS OF FILING FEE FROM PLAINTIFF

SHALL BE STOPPED IN CONNECTION WITH INDICES 11-7149 (N.J.D.) AND

11-4862 (N.J.D.) AND SHALL NOT RESTART UNTIL AND UNLESS THE COURT

ISSUES AN ORDER RESTORING PLAINTIFF'S IN FORMA PAUPERIS STATUS

AND DIRECTING ASSESSMENTS OF FILING FEES"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion

and Order upon Plaintiff by certified mail, return receipt

---

[11]  The filing fee in Annecchiarico, is a filing fee distinct
and different from those due from Plaintiff in connection with
Rochford and Rutherford.  The total filing fee due in connection
with these three actions would be $1,050.00.

requested.

_____
Claire C. Cecchi,
United States District Judge